**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

IN RE:

MIGUEL A. SOTOLONGO,

Case No.: 2:24-bk-01323-FMD
Chapter 13

      Debtor.

_____/

**OBJECTION TO CONFIRMATION OF DEBTOR'S PROPOSED CHAPTER 13 PLAN**

    COMES NOW, **CARRINGTON MORTGAGE SERVICES, LLC,** ("Secured Creditor"), by and through undersigned counsel, pursuant to 11 U.S.C. §§1322(b)(2) and 1325(a), and objects to confirmation of Debtor's Proposed Chapter 13 Plan, [DE 2], and in support thereof, states as follows:

    1.    On August 31, 2024, Debtor filed for Chapter 13 relief.

    2.    Secured Creditor holds a security interest in Debtor's real property located at 2200 Ann Avenue N, Lehigh Acres, FL 33971.

    3.    The claims bar date is November 12, 2024.

    4.    Secured Creditor has or will timely file a Proof of Claim, which will show a secured arrearage due to Secured Creditor in the amount of $2,564.44.

    5.    On August 31, 2024, Debtor filed his Plan [Docket Entry 2], which proposed to make payments to the Secured Creditor directly from the Debtor for months 1-60, for the life of the Plan.

    6.    Pursuant to the terms of the Note, Debtor is required to make monthly payments to the Secured Creditor, currently in the amount of $1,516.80.

    7.    Debtor's Plan fails to propose a Mortgage Modification, Debtor has not filed a Motion for Referral to Mediation, and no Order of Mediation has been entered.  Further, no

modification has been executed to date, and Secured Creditor files this objection preserving its rights as the Plan does not conform to Secured Creditor's Proof of Claim.

8. Debtor's proposed Plan fails to comply with 11 U.S.C. §§1322(b)(2) and 1325(a) in that it does not provide adequate protection for Secured Creditor's interest, and seeks to impermissibly modify the amount owed to Secured Creditor by failing to cure the arrearages, fees, and costs to which Secured Creditor is entitled. Secured Creditor objects to such treatment through the Plan.

9. Furthermore, Debtor's proposed Plan is in direct violation of *Administrative Order FLMB-2023-3(6)(B)(iii)* providing that:

> "Notwithstanding the foregoing, the adequate protection payment must be in an amount sufficient to pay (a) homeowners' association fees, and (b) 1/12 of annual ad valorem property taxes and annual homeowner's insurance premiums."

*Administrative Order FLMB-2023-3(7)* further provides for direct post-petition payments to secured creditors **only** when no arrearages must be cured.

10. Secured Creditor hereby reserves the right to supplement this Objection at or prior to the hearing.

**WHEREFORE**, Secured Creditor respectfully requests the entry of an Order which denies confirmation of the Plan, or in the alternative, requires the Debtor to amend the Plan to overcome Secured Creditor's objections herein and conform the entire amount due under Secured Creditor's Proof of Claim, and for any other and further relief as this Court deems just and proper.

*/s/ Nicole Ramirez*
Nicole R. Ramirez, Esq.
Florida Bar No. 108006
Storey Law Group, P.A.
221 NE Ivanhoe Blvd. Suite 300

        Orlando, FL  32804
        Telephone:  407.488.1225
        Facsimile:  407.488.1177
        nramirez@storeylawgroup.com
        *Attorney for Creditor, Carrington Mortgage Services, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served either by CM/ECF electronic transmission or standard first class mail to: Miguel A. Sotolongo, c/o Jose A. Blanco, Esq., 102 East 49th St., Hialeah, FL 33013, eservice@blancopa.com; Jon Waage, Chapter 13 Trustee, P.O. Box 25001, Bradenton, FL 34206-5001; the Office of the United States Trustee, Timberlake Annex, Ste. 1200, 501 E. Polk St., Tampa, FL 33602; and all parties receiving CM/ECF electronic service in this case, this 11th day of September 2024.

        */s/ Nicole Ramirez*
        Nicole R. Ramirez, Esq.
        Florida Bar No. 108006